## THE PEOPLE v. CYRUS G. JONES.

*Criminal libel—Complaint—Motion to quash.*

In this case the motion of the respondent to quash the complaint and the proceedings thereon, is held properly overruled.

Error to Ionia. (Smith, J.) Argued October 27, 1887. Decided November 10, 1887.

Respondent was convicted of criminal libel. Conviction affirmed. The facts are stated in the opinion.

*Cyrus G. Jones,* in *pro. per.* (*Hammond & Lee,* of counsel), for respondent.

*Moses Taggart,* Attorney General, and *S. V. R. Trowbridge,* acting prosecuting attorney, for the People.

SHERWOOD, J. The respondent was prosecuted criminally for libel before a justice of the peace in the city of Ionia, where he was duly convicted and sentenced to pay a fine of $100, and the costs of prosecution to the amount of $78.49, and, in default of such payment, to be imprisoned in the county jail for the period of 90 days.

From this judgment the respondent took his appeal to the circuit court for the county of Ionia, where a trial before a jury was had, and the respondent was again convicted, and sentenced by the circuit judge to pay a like fine, and the same amount of costs, and, in default, to be confined in the county jail in the city of Ionia for the period of 75 days, upon which judgment respondent brings error.

The record presents but two exceptions for our consideration. They are stated in the record as follows:

" Defendant excepts to the refusal of the court to quash said complaint and the proceedings thereunder, and to discharge the respondent.

" Defendant excepts to the ruling of the court overruling the first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth grounds alleged in the respondent's motion to quash said complaint and proceedings and to discharge the respondent."

The defendant's motion to quash was made before the trial in the circuit court commenced.

It is unnecessary herein to set out or discuss separately the nine different grounds, each of which is set out in the record. This motion was overruled by the court, and the respondent excepted. On an inspection of the reasons urged for the motion, we fail to discover any legal ground upon which the respondent's motion can be sustained.

The second exception is to the refusal of the court to sustain the respondent's motion to quash the complaint upon certain of the grounds before specified in the motion, and which are but a repetition of those already considered.

We have examined the whole record, and have found no error calling for correction or further discussion, and the judgment will therefore be affirmed.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.